# Exhibit "A"



# Service of Process Transmittal

03/24/2022
CT Log Number 541285772

**TO:** Donna Shavers
Albertson's LLC
PO BOX 160066, 321 MONTGOMERY RD
ALTAMONTE SPRINGS, FL 32716-0066

**RE:** Process Served in Nevada

**FOR:** Albertson's LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: DARLENE ANN ARRIOLA, // To: Albertson's LLC |
| DOCUMENT(S) SERVED: | -- |
| COURT/AGENCY: | None Specified<br>Case # A22849813C |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Carson City, NV |
| DATE AND HOUR OF SERVICE: | By Process Server on 03/24/2022 at 10:52 |
| JURISDICTION SERVED : | Nevada |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 03/24/2022, Expected Purge Date: 03/29/2022 |
| | Image SOP |
| | Email Notification,  Michael McCue  Michael.McCue@safeway.com |
| | Email Notification,  Donna Shavers  donna.shavers@albertsons.com |
| | Email Notification,  Risk Management Group  RM.Claim.Support@Safeway.com |
| | Email Notification,  Carmen Rowland  Carmen.Rowland@safeway.com |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>701 S. Carson Street<br>Suite 200<br>Carson City, NV 89701<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other



# Service of Process Transmittal
03/24/2022
CT Log Number 541285772

**TO:** Donna Shavers
Albertson's LLC
PO BOX 160066, 321 MONTGOMERY RD
ALTAMONTE SPRINGS, FL 32716-0066

**RE:** **Process Served in Nevada**

**FOR:** Albertson's LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / HM

1  SEI
BOYD B. MOSS III, ESQ.
2  Nevada Bar No. 8856
boyd@mossberglv.com
3  JOHN C. FUNK, ESQ.
4  Nevada Bar No. 9255
john@mossberglv.com
5  MOSS BERG INJURY LAWYERS
4101 Meadows Lane, Suite 110
6  Las Vegas, Nevada 89107
7  Telephone: (702) 222-4555
Facsimile: (702) 222-4556
8  *Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| DARLENE ANN ARRIOLA, | CASE NO. A-22-849813-C |
| | DEPT. NO. |
| Plaintiff, | |
| v. | |
| | **SUMMONS** |
| BRIXTON-ALTO RAINBOW, LLC, a Foreign Limited-Liability Company; ALBERTSON'S LLC, a Foreign Limited-Liability Company d/b/a ALBERTSONS; DOE MANAGER "Melony"; DOE MANAGER "Melinda"; ROE DOOR COMPANY; ROE MAINTENANCE COMPANY; DOES III through X; and ROE CORPORATIONS III through X, inclusive, | |
| Defendants. | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY ONE (21) DAYS. READ THE INFORMATION BELOW:**

**ALBERTSON'S LLC**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1.  If you intend to defend this lawsuit, within twenty one (21) days after this Summons is served on you, exclusive of the day of service, you must do the following:

1

1  (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

2  (b)  Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have forty-five (45) days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

DATED this __16__ day of March, 2022.

Respectfully Submitted By:

MOSS BERG INJURY LAWYERS

_____
BOYD B. MOSS III, ESQ.
Nevada Bar No. 8856
boyd@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
4101 Meadows Lane
Las Vegas, Nevada 89107
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
CLERK OF COURT

By: _____  3/17/2022
      Deputy Clerk              Date

Demond Palmer

Electronically Filed
3/16/2022 4:12 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BOYD B. MOSS III, ESQ.
Nevada Bar No. 8856
boyd@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
4101 Meadows Lane, Suite 110
Las Vegas, Nevada 89107a
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*

CASE NO: A-22-849813-C
Department 15

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| DARLENE ANN ARRIOLA,<br><br>Plaintiff,<br><br>v.<br><br>BRIXTON-ALTO RAINBOW, LLC, a Foreign Limited-Liability Company; ALBERTSON'S LLC, a Foreign Limited-Liability Company d/b/a ALBERTSONS; DOE MANAGER "Melony"; DOE MANAGER "Melinda"; ROE DOOR COMPANY; ROE MAINTENANCE COMPANY; DOES III through X; and ROE CORPORATIONS III through X, inclusive,<br><br>Defendants. | CASE NO.<br>DEPT. NO.<br><br><br><br>**COMPLAINT** |

Plaintiff, DARLENE ANN ARRIOLA, by and through her attorneys, BOYD B. MOSS III, ESQ, and JOHN C. FUNK, ESQ., of the law firm of MOSS BERG INJURY LAWYERS, and for her causes of action against Defendants, and each of them, hereby allege as follows:

1.   That at all times relevant to these proceedings, Plaintiff, DARLENE ANN ARRIOLA (hereinafter "Plaintiff"), was and is a resident of Clark County, Nevada.

1

2.   Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, BRIXTON-ALTO RAINBOW, LLC (hereinafter referred to as Defendant "BRIXTON"), was and is a Foreign Limited-Liability Company, organized and existing pursuant to the laws of the State of Nevada, and authorized to do and doing business in Clark County, Nevada as the owner of the building located at 1001 S Rainbow Blvd, Las Vegas, NV 89145 (Hereinafter referred to as "Subject Premises").

3.   Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, ALBERTSON'S LLC (Hereinafter referred to as Defendant "ALBERTSONS"), was and is a Foreign Limited-Liability Company, organized and existing pursuant to the laws of the State of Nevada, and authorized to do and doing business in Clark County, Nevada, as ALBERTSONS, located on the Subject Premises.

4.   Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, DOE MANAGER "Melony" was and is a citizen and resident of Nevada and an unknown employee of Defendant, ALBERTSONS and was responsible managing the Subject Premises. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOE MANAGER "Melony" when the same have been fully ascertained.

5.   Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, DOE MANAGER "Melinda" was and is a citizen and resident of Nevada and an unknown employee of Defendant, ALBERTSONS and was responsible managing the Subject Premises. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOE MANAGER "Melinda" when the same have been fully ascertained.

6.   Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, ROE DOOR COMPANY was and is an unknown business entity, and manufactured, operated and/or maintained one or more doors on the Subject Premises. Plaintiff

will ask leave of this Court to amend her Complaint to insert the true names and capacities of ROE DOOR COMPANY when the same have been fully ascertained.

7. Plaintiff is informed, believes, and thereon alleges that at all times relevant to these proceedings, Defendant, ROE MAINTENANCE COMPANY was and is an unknown business entity, and operated, inspected, repaired and/or maintained one or more doors on the Subject Premises. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of ROE MAINTENANCE COMPANY when the same have been fully ascertained.

8. That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES III through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as DOES are responsible in some manner for the events and happenings referred to herein, specifically for creating and/or allowing a hazardous condition to exist on the premises, which caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOES III through X when the same have been fully ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and/or employee of each other Defendant.

9. That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as ROE CORPORATIONS III through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as ROE CORPORATIONS are responsible in some manner for the events and happenings referred to herein, specifically for creating and/or allowing a hazardous condition to exist on the premises, which caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend her

3

Complaint to insert the true names and capacities of ROE CORPORATIONS III through X when the same have been fully ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and/or employee of each other Defendant.

10. That on or about August 1, 2020, Plaintiff was a guest of ALBERTSONS located on the Subject Premises.

11. That at that same time and place, Defendants, and each of them, so carelessly and negligently created, owned, controlled, inspected, and/or maintained the Subject Premises in an unstable and dangerous manner so as to allow a hazardous condition to exist on the Subject Premises, specifically, a malfunctioning automatic sliding door at the entrance of the store (Hereinafter referred to as "Subject Door"), where Defendants were aware numerous customers would be constantly walking, which, without proper warning of the hazard, abruptly and forcefully slammed shut as Plaintiff passed through the door way, striking Plaintiff's right arm and temporarily trapping her, and as a proximate result thereof, Plaintiff was seriously injured.

12. That at said time and place, Defendants, and each of them, negligently manufactured, operated, inspected and/or maintained the Subject Door on the Subject Premises and further, negligently permitted a dangerous condition to exist thereon.

13. Further, that Defendants, and each of them, were aware that the Subject Door was unfit for use on the Subject Premises, and negligently allowed the dangerous condition created by the Subject Door to remain in existence for an unreasonable length of time.

14. Further, that Defendants, and each of them, negligently allowed the Subject Door to be used by Plaintiff, and other unsuspecting users, without providing any warning of the dangerous condition created by the Subject Door.

15. That as a direct and proximate result of Defendants' and/or their employees'/agents' negligent acts and/or omissions and/or breach of duty, Defendants forced Plaintiff to encounter a dangerous condition on the Subject Premises, specifically, the malfunctioning automatic sliding door, thereby causing Plaintiff, who has a history of seizures, to be struck, trapped, and sustain serious and debilitating injuries, injuries to her right arm, neck, and back, as well as a worsening of her seizure disorder, all or some of which conditions may be permanent or disabling in nature, causing general damages in an amount to be determined at trial.

16. That this Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees, interest, and costs.

17. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required, and will be required in the future, to incur expenses for medical care and treatment and costs incidental thereto in an amount to be determined.

18. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred substantial out-of-pocket expenses, including, but not limited to, money spent for prescriptions, medication, and uncovered medical expenses.

19. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has endured physical and emotional pain and suffering. It is further expected that Plaintiff will be forced to endure future physical and emotional pain associated with her continued medical treatment, recuperation, physical therapy and limitations associated with her injuries into the foreseeable future.

20. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered and continues to suffer a significant deterioration in her enjoyment of life and lifestyle.

5

21.  That Plaintiff has had to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs of suit incurred herein.

WHEREFORE, Plaintiff, expressly reserving the right to amend her Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000.00;

2. Damages for costs of medical care and treatment and costs incidental thereto;

3. Reasonable attorney's fees and costs of suit incurred herein; and

4. For a sum to be determined by the trier of fact for loss of enjoyment of life pursuant to Banks v. Sunrise Hosp., 120 Nev. 822, 836 (2004);

5. For such other and further relief as the Court may deem proper in the premises.

DATED this ___ day of March, 2022.

MOSS BERG INJURY LAWYERS

By: _____
BOYD B. MOSS III, ESQ.
Nevada Bar No. 8856
boyd@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
4101 Meadows Lane, Suite 110
Las Vegas, Nevada 89107
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*

6